UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| ROBIN DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>KENTUCKY COMMUNITY AND<br>TECHNICAL COLLEGE SYSTEM d/b/a<br>BLUEGRASS COMMUNITY AND<br>TECHNICAL COLLEGE,<br><br>    Defendant. | CIVIL NO. 5:17–CV–344–KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the Motion for Partial Dismissal submitted by Defendant Kentucky Community and Technical College System ("KCTCS") d/b/a/ Bluegrass Community and Technical College ("BCTC"). For the reasons stated below, the Court grants Defendant's partial motion to dismiss Plaintiff's claims brought under the Americans with Disabilities Act and Family and Medical Leave Act and remands all remaining claims to the Fayette Circuit Court.

**I. Background**

Defendant KCTCS is a statewide network of colleges, made up of over seventy campuses. Compl. ¶ 2, ECF No. 1-2. Plaintiff Robin Davis, a resident of London, Kentucky, has been employed as a statistics teacher for KCTCS at its BCTC campus since 2000. Compl. ¶ 3. She is disabled, suffering from Panic and Anxiety Disorder. Compl. ¶ 9. After being diagnosed with cancer in 2009, Davis's Panic and Anxiety Disorder symptoms intensified and BCTC ultimately accommodated her by creating online courses so that her students would not have their classes canceled. Compl. ¶ 23. In December 2014, Davis requested that she be permitted

1

to teach exclusively online, but her request was denied by the Dean of Academics. Compl. ¶¶ 33–34. Davis submitted a Family and Medical Leave Act ("FMLA") request in Fall 2015 which the college granted. Compl. ¶ 36–38. For the Spring 2016 semester, Davis again used FMLA accommodations, but also submitted Americans with Disabilities Act ("ADA") paperwork to the college and discussed her need for further accommodation with BCTC administrators. Compl. ¶¶ 39–44. However, they could not come to an agreement on further accommodations. Compl. ¶¶ 45–48. Davis again submitted FMLA paperwork for the Fall 2016 semester, which the college accepted. Compl. ¶ 54. In August 2016, Davis filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC) complaining that BCTC failed to provide her with necessary accommodations. Compl. ¶ 55. In October 2016, however, Davis was demoted to a lecturer position, which included a reduction in pay. Compl. ¶ 56. In summer 2017, Davis was informed that she would not be able to teach summer classes, as she had previously done, because she was unable to be physically present on campus to serve as a proctor. Compl. ¶¶ 64–69. Instead, because of her FMLA use in the spring semester, she would be required to teach online summer classes for no additional pay. Compl. ¶ 70. Shortly after the EEOC issued Davis a Notice of Right to Sue on June 1, 2017, BCTC informed her that she would not be permitted to teach online classes as a form of accommodation and that she would be terminated if she did not report to campus to teach in-person classes during the fall 2017 semester. Compl. ¶¶ 73–75.

Davis commenced this action in Fayette Circuit Court on August 8, 2017 asserting a number of claims. First, she claims that KCTCS failed to accommodate her disability in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. Ch. 344, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* Second, she claims that KCTCS violated the Family and Medical Leave Act, 29 U.S.C. § 2615, by interfering with her use of FMLA leave. Third, she claims that, in violation of the Kentucky Wage and Hour Act, Ky. Rev. Stat. §

337.060, KCTCS illegally withheld her pay. And fourth, Davis asserts that KCTCS violated the anti-retaliation provisions of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.280, the ADA, 42 U.S.C. § 12203, the FMLA, 29 U.S.C. § 2615, and the Kentucky Wage and Hour Act, Ky Rev. Stat. § 337.990. She also seeks injunctive relief under the ADA, FMLA, and Kentucky Civil Rights Act, and punitive damages. KCTCS removed this matter to this Court on August 21, 2017, (DE 1), and subsequently filed a motion for partial dismissal based on sovereign and governmental immunity, (DE 4). Davis has filed a response in opposition and KCTCS has filed a reply. Accordingly, this matter is now ripe for review.

**II. Standard of Review**

A motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may attack the claim of jurisdiction on its face or it can attack the factual basis for jurisdiction. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack on jurisdiction "questions merely the sufficiency of the pleading" and therefore this Court must "take[] the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).[1] The burden of proving jurisdiction in order to survive a motion to dismiss lies on the plaintiff. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

**III. Analysis**

KCTCS argues that Davis's claims based on the ADA and FMLA are barred by Eleventh Amendment immunity. While KCTCS concedes that the Commonwealth has waived its

---

[1] In contrast, when a defendant makes a factual attack on jurisdiction, the presumption of truthfulness does not apply and the court "must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Id.* (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325).

immunity under the Kentucky Civil Rights Act, it contends that governmental immunity bars Davis's Kentucky Wage and Hour Act claims. Finally, KCTCS argues that Davis's claim for punitive damages must also be dismissed because her only actionable claim arises under the Kentucky Civil Rights Act, which does not authorize recovery of punitive damages. These arguments are addressed below.

### A. ADA and FMLA

#### 1. Money Damages

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Supreme Court has clarified that sovereign immunity "is demarcated not by the text of the Amendment alone but by fundamental postulates implicit in the constitutional design." *Alden v. Maine*, 527 U.S. 706, 729 (1999). It is well settled that sovereign immunity extends to suits brought by a citizen against the State in which he or she resides. *See Hans v. Louisiana*, 134 U.S. 1 (1890). Eleventh Amendment immunity shields both states and their agencies from suit. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (holding that claims against the Alabama Board of Corrections, a state agency, were barred by the Eleventh Amendment).

In her complaint, Davis alleges that KCTCS is a non-profit corporation rather than an agency of the state. Compl. ¶ 2. This assertion is contradicted by state statutes of which this Court is required to take judicial notice. *See Godboldo v. Cty. of Wayne*, 686 F. App'x 335, 340 (6th Cir. 2017) ("As we have previously held, we 'are required to take judicial notice of the statute and case law of each of the states.'") (quoting *Schultz v. Tecumseh Prods.*, 310 F.2d 426, 433 (6th Cir. 1962)). KCTCS was created by the Kentucky General Assembly in 1997, Ky Rev. Stat. § 164.580(1), and as such is an agency of the state entitled to Eleventh

4

Amendment immunity, *see Martin v. Univ. of Louisville*, 541 F.2d 1171, 1174 (6th Cir. 1976) (finding the University of Louisville was a state institution for Eleventh Amendment purposes).

In her response brief, Davis appears to concede that KCTCS is an agency of the state protected by Eleventh Amendment immunity. She instead argues that the Commonwealth has waived such immunity with regard to ADA and FMLA claims brought by KCTCS employees.[2] Waiver of a state's Eleventh Amendment sovereign immunity protection may only be found where it is "stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'" *Edelman v. Jordan*, 415 U.S. 651, 675 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

Davis contends that KCTCS has waived or forfeited its immunity through its written policies and procedures which, she claims, constituted a contract with its employees.[3] With regard to compliance with the ADA, KCTCS states "[i]t is a policy of the KCTCS to comply with the Americans With Disabilities Act." KCTCS Admin. Policies and Procedures 3.1.1, ECF No. 9-3, at 20. Similarly, KCTCS policies also state that "KCTCS provides eligible employees with unpaid, job-protected leave for certain conditions in accordance with the Family and Medical Leave Act of 1993 (as amended in 2008)." *Id.* 2.14.2.2, ECF No. 9-3, at 12; *see also id.* 2.14.1, ECF No. 9-3, at 7 ("When requesting approval for an absence . . .

---

[2] Davis does not contend that Congress has abrogated Eleventh Amendment immunity for her claims. Nor could she, as the Supreme Court has found that immunity has not been abrogated by either statute. *See Bd. of Trs. of Univ. of Ala. V. Garrett*, 531 U.S. 356, 374 (2001) (finding sovereign immunity not abrogated for Title I of the ADA); *Coleman v. Ct. of App. of Md.*, 566 U.S. 30, 44 (2012) (finding sovereign immunity not abrogated for FMLA's self-care provisions).

[3] In her response brief, Davis primarily uses the terminology of forfeiture. As the Supreme Court has explained: "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Davis does not contend that KCTCS failed to timely assert its immunity; instead, she claims that KCTCS abandoned its sovereign immunity through its personnel policies. This is a properly described as a claim of waiver, not forfeiture.

employees and supervisors shall contact and collaborate with the human resources staff to explore whether or not the absence qualifies for Family Medical Leave (FML.) . . . . If the absence does qualify as FML, it shall be subject to the provisions of that policy and the Family Medical Leave Act."). Davis also claims that communications by KCTCS administrators further indicated their waiver of immunity through their communications with her. Human Resources Director stated in emails to Davis that her "condition is ongoing and chronic and limits a major life activity, which implicates the ADA," ECF No. 9-4, and, in denying her FMLA protections for the summer course requirement, that "FML only applies to the academic year when you are on assignment," ECF No. 9-5.

The personnel policies and communications cited by Davis are insufficient to waive Eleventh Amendment immunity. Whether personnel policies can waive Eleventh Amendment immunity appears to be a question of first impression in this circuit. Two federal courts have addressed the question, both finding that personnel policies did not constitute waiver. In *Thompson v. Regents of Univ. of Cal.*, 206 F. App'x 714, (9th Cir. 2006), the Ninth Circuit found that language in the Regents' Personnel Policies for Staff Members which stated that "employees 'shall be subject to all [Fair Labor Standards Act] provisions' . . . falls short of the express surrender of sovereignty required for a waiver of Eleventh Amendment immunity." *Id.* at 715. Similarly, the Middle District of Georgia has held that a statement in a "personnel manual providing that Georgia is subject to the ADA is not equivalent to Georgia's consent to be sued in federal court for violations of the ADA." *Gary v. Ga. Dep't of Human Res.*, 323 F, Supp. 2d 1336, 1372 (M.D. Ga. 2004). The Court agrees with these holdings. The personnel policies and communications cited by Davis state only that KCTCS will comply with the ADA and FMLA. There is no express language regarding waiver and merely acknowledging compliance with a law, especially when such compliance may be

compelled through prospective injunctive relief, does not create an overwhelming implication of waiver.

Davis primarily relies on the Kentucky's Supreme Court decision in *Furtula v. Univ. of Ky.*, 438 S.W.3d 303 (Ky. 2014), to support of her waiver argument. That decision, however, dealt with governmental immunity under Kentucky state law, not Eleventh Amendment sovereign immunity. It is therefore inapplicable to Davis's ADA and FMLA claims. Even assuming that the substance of Davis's argument is correct and KCTCS's policies constituted an implied contract, the Court would still not find waiver. In *Fla. Dep't of Health and Rehabilitative Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147 (1981), the Supreme Court overturned a Fifth Circuit decision finding waiver based on an agencies "contractual duty to adhere to federal statutory requirements," *Fla. Nursing Home Ass'n v. Page*, 616 F.2d 1355, 1363 (5th Cir. 1980). The Supreme Court made clear that "agree[ing] explicitly to obey federal law . . . can hardly be deemed an express waiver of Eleventh Amendment immunity." *Fla. Dep't of Health and Rehabilitative Servs.*, 450 U.S. at 150. The same reasoning applies here; a policy or contractual obligation to comply with federal law, standing alone, is generally insufficient to find waiver of Eleventh Amendment sovereign immunity.

Finally, Davis asks the Court to look to a pending action in the Western District of Kentucky where KCTCS has answered and is participating in litigation regarding an FMLA claim. *See Anderson v. Ky. Cmty. & Tech. Coll. Sys.*, No. 3:17–CV–510–JHM. This argument is misguided. Failure to invoke sovereign immunity in one litigation does not amount to waiver of immunity in other cases. *See City of South Pasadena v. Mineta*, 284 F.3d 1154, 1158 (9th Cir. 2002) (holding waiver of sovereign immunity in a prior voluntarily dismissed action did not carry over to its subsequent reincarnation); *Biomedical Patent Mgmt. Corp. v. Cal. Dep't of Health Servs.*, 505 F.3d 1328, 1339 (Fed. Cir. 2007) ("[W]here a waiver of immunity

7

occurs in an earlier action that is dismissed, or an entirely separate action, courts, including our own, have held that the waiver does not extend to the separate lawsuit.") (citing *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1342 (Fed. Cir 2006)); *Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255 (10th Cir. 2009) (holding any waiver of immunity in a prior takings action did not carry over to a distinct lawsuit "involving different issues and different litigants"); *cf. Ku v. Tennessee*, 322 F.3d 431, 435 (6th Cir. 2003) ("appearing without objection and defending on the merits in a case over which the district court otherwise has original jurisdiction is a form of voluntary invocation of the federal court's jurisdiction that is sufficient to a waive a State's defense of Eleventh Amendment immunity" in that particular case).

    2. *Injunctive relief*

Davis's complaint also seeks injunctive relief requiring KCTCS to follow the FMLA's proscriptions on KCTCS's alleged unlawful conduct and to engage in the "interactive process" for complying with the ADA. Compl. ¶ 135. She also seeks injunctive relief in the form of reinstatement, promotion, grant of her distance learning request, and restoration of benefits. Compl. ¶ 136.

Even when Eleventh Amendment immunity bars money damages claims, plaintiffs may seek prospective injunctive relief against individuals state officials in their official capacities. *See Ex parte Young*, 209 U.S. 123 (1908). The Sixth Circuit has held that plaintiffs may invoke *Ex parte Young* to seek prospective injunctive relief under the ADA. *Whitfield v. Tennessee*, 639 F.3d 253, 257 (6th Cir. 2011). The FMLA expressly permits claims for injunctive relief against state officials. *Crugher v. Prelesnik*, 761 F.3d 610, 615 (6th Cir. 2014). Davis, however, has not brought her injunctive relief claims against state officials in their official capacity. Accordingly, because Davis has only named KCTCS as a defendant, these claims are also barred by Eleventh Amendment sovereign immunity.

B. *Future amendment of the complaint*

In her response, Davis asks the Court to allow her to cure any issues with her claims through "possible future amendment" of her complaint. (DE 9, at 17). Davis, however, has not tendered a separate motion to amend her complaint, did not attach a proposed amended complaint to her response brief, and has not identified how she would amend her complaint to avoid dismissal. The Court will not engage in speculation as to she could amend her complaint to comply with principles of sovereign immunity and therefore declines Davis's request to cure the complaint through future amendment.

C. *State law claims*

Davis asserts claims under the Kentucky Civil Rights Act and Kentucky Wage and Hour Act, seeking both money damages and injunctive relief. KCTCS has asked the Court to dismiss Davis's claims under the Wage and Hour Act based on Kentucky governmental immunity while conceding that the Kentucky legislature has waived such immunity for Civil Rights Act claims. KCTCS also argues that Davis is not entitled to bring a cause of action under the Wage and Hour Act.

Federal district courts have supplemental jurisdiction over pendent state law claims pursuant to 28 U.S.C. § 1367. Generally, "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." *Id.* at § 1367(c)(3). In deciding whether to exercise this discretion, the court should consider "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (6th Cir. 1988). It is the usual practice that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id.* (citing *United Mine Workers of America*, 383 U.S. 715, 726–27 (1966). When a district courts determines that it should not exercise its

discretionary jurisdiction over removed state-law claims, remand is appropriate. *Id.* at 354. Here, the claims were originally brought in Fayette Circuit Court and therefore the Court finds that, having dismissed all federal claims, remand to state court best serves the values of judicial economy, convenience, fairness, and comity.[4]

**IV. Conclusion**

For the reasons set forth above, the Court **HEREBY ORDERS**:

1. Defendant's Partial Motion to Dismiss is **GRANTED**;
2. Plaintiff's claims for damages, retaliation, and injunctive relief brought under the Americans with Disabilities Act and Family and Medical Leave Act, are **DISMISSED**;
3. all remaining claims are **REMANDED** to the docket of the Fayette Circuit Court;
4. this case is **STRICKEN** from the Court's active docket.

Dated April 18, 2018.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

[4] Accordingly, the Court expresses no opinion as to whether governmental immunity bars Davis's Wage and Hour Act claims, whether Davis is entitled to bring a private action under the Wage and Hour Act, and whether Davis has a claim for punitive damages against KCTCS under the Kentucky Civil Rights Act.